IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR00499-001 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | <u>SENTENCING MEMORANDUM</u> |
| | ) | <u>OF DEFENDANT ALEXANDER</u> |
| ALEXANDER GRANT, | ) | <u>GRANT</u> |
| | ) | |
| Defendant. | ) | |

Mr. Alexander Grant has pled guilty to Count 1 of the Indictment, which charges Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).

Mr. Grant's Base Offense Level for Count 1 is 20 pursuant to USSG § 2K2.1. Mr. Grant has accepted responsibility, a 3 level reduction is warranted under USSG §3E1.1(a) and (b). The final offense level is 17. Mr. Grant is in Criminal History Category VI. With an Offense Level of 17 and Criminal History Category VI, his Guidelines range is 51 to 63 months.

Mr. Grant requests this Court for a sentence sufficient but not greater than necessary to fulfill the requirements of 18 U.S.C. § 3553(a) after considering all factors. A more thorough explanation of this request is set forth in the attached Memorandum in Support.

                  Respectfully submitted,

                  <u>s/Leif B. Christman</u>
                  **LEIF B. CHRISTMAN (0070014)**
                  55 Public Square, Suite 2100
                  Cleveland, Ohio 44113
                  Tel: 216-241-5019
                  Fax. 216-631-6013
                  E_mail: Lbchristman@hotmail.com
                  Attorney for Defendant

## MEMORANDUM IN SUPPORT

**I.**     **Introduction**

Mr. Alexander Grant has pled guilty to Count 1 of the Indictment, which charges Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).

Mr. Grant's Base Offense Level for Count 1 is 20 pursuant to USSG § 2K2.1. Mr. Grant has accepted responsibility, a 3 level reduction is warranted under USSG §3E1.1(a) and (b). The final offense level is 17.

Mr. Grant has accepted responsibility, and therefore a 3 level reduction is warranted under USSG §3E1.1(a) and (b). He provided the following acceptance of responsibility statement.

> I accept full responsibility for my actions in this case. I acknowledge that I am responsible for all of the conduct outlined in the factual basis section of my plea agreement.
>
> I would like this Honorable Court to know that I realize my legal troubles over the years are directly related to my substance abuse. I previously believed that I could stop using drugs and alcohol on my own. I know I am capable of achieving lasting sobriety with professional and daily effort on my part. I've attended AA and NA meetings in the past, but did not truly dedicate myself to the program. I realize that I am facing a long sentence in federal prison. I know I deserve the punishment that I'm about to receive for my actions. I respectfully request that I be recommended for participation in drug treatment for the maximum period available. I know that maintaining sobriety for the rest of my life is the only way that I will be able to avoid further legal trouble and re-incarceration.
>
> I am only 34 years old and I believe I have many productive years in my future to make amends for my past. I apologize to all the people that I have harmed by my actions.

Mr. Grant has pled guilty sufficiently in advance of trial to spare the government the time and expense of preparing for trial. It is anticipated that the government will move for the one (1) point reduction under subsection (b). For the forgoing reasons, the three (3) level reduction for acceptance of responsibility should be granted.

With the three level adjustment for acceptance of responsibility, the final offense level is 17. Mr.Grant is in Criminal History Category VI. With an Offense Level of 17 and Criminal History Category VI, his Guidelines range is 51 to 63 months.

## II. The Statutory Sentencing Factors

Prior to sentencing the Defendant the Court must evaluate the factors listed in 18 U.S.C.A. §3553(a) to determine a reasonable sentence for the defendant. The Court must consider the following per 18 U.S.C.A. §3553(a): the nature and circumstances of the offense and the history of the defendant; the need for the sentence imposed (considering seriousness of offense, deterrence, protecting the public, providing the defendant with needed treatment in the most effective manner); the types of sentences available; sentencing ranges; policy statements issued by the Sentencing Commission; need to avoid unwarranted sentencing disparities; and restitution to the victim of the offense. 18 U.S.C.S. §3553(a) (2008).

In determining the sentence to be imposed, this Court is to consider the factors codified at 18 U.S.C. § 3553(a), guided by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005); *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007), and *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007). As the full Sixth Circuit observed:

> *Booker* empowered district courts, not appellate courts and not the Sentencing Commission. Talk of presumptions, plain error and procedural and substantive rules of review means nothing if it does not account for the central reality that *Booker* breathes life into the authority of district court judges to engage in individualized sentencing within reason in applying the § 3553(a) factors to the criminal defendants that come before them.

*United States. v. Vonner*, 516 F.3d 382, 392 (6th Cir.) (*en banc*), *cert. denied*, 555 U.S. 816 (2008).

Since *Booker* and its progeny, the sentencing court may now consider even those mitigating factors that the advisory guidelines prohibit, e.g., poverty, racial discrimination and

humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. See: *United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005) ("the guidelines" prohibition of considering these factors cannot be squared with the Section 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the Defendant... thus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the Section 3553(a)(1) factors might call for a sentence outside the guideline range").

First looking at the nature and circumstances of the current offense and the history of the defendant the Court should evaluate several factors. Mr. Grant grew up in a rough neighborhood. He was exposed to drug dealing and fights at an early age. He started using marijuana and alcohol at the age of 15 or 16, and stopped attending school. (PSI ¶52).

Mr. Grant has a limited ability to read and write as a result of dropping out of school. He also has a learning disability. (PSI ¶64). He has specialized training and skills in landscaping, roofing, painting houses, and maintenance work. (PSI ¶65).

The second factor to be evaluated by the Court is to assess the need for the sentence imposed, considering seriousness of offense, deterrence, protecting the public, providing the defendant with needed treatment in the most effective manner. Mr. Grant has a history of substance abuse. (PSI ¶ 62). His legal troubles over the years has been directly related to his substance abuse. He has been unable to maintain lasting sobriety and would benefit from a drug treatment program.

For the forgoing reasons, Mr.Grant requests a sentence which is sufficient but not greater than necessary to fulfill the requirements of 18 U.S.C. § 3553(a).

    Mr.Grant requests no fine be imposed.  He does not have the financial capacity to pay a fine.  (PSI ¶ 71).

                                        Respectfully submitted,

                                        **s/Leif B. Christman**
                                        **LEIF B. CHRISTMAN (0070014)**
                                        55 Public Square, Suite 2100
                                        Cleveland, Ohio 44113
                                        Tel: 216-241-5019
                                        Fax. 216-631-6013
                                        E_mail: Lbchristman@hotmail.com
                                        Attorney for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that on March 27, 2019, a copy of the forgoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        Respectfully submitted,

                                        **s/Leif B. Christman**
                                        **LEIF B. CHRISTMAN (0070014)**